20-1049-cv
*Genova v. Cty. of Nassau, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-one.

PRESENT: RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
*Circuit Judges,*

———————————————

ANTHONY J. GENOVA, JR.,

        *Plaintiff-Appellant*        20-1049-cv

v.

COUNTY OF NASSAU & GEORGE MARAGOS,

        *Defendants-Appellees.\**

———————————————

*The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR PLAINTIFF-APPELLANT:** Marshall Sweetbaum & Joel A. Sweetbaum, Sweetbaum & Sweetbaum, Lake Success, NY

**FOR DEFENDANTS-APPELLEES:** Robert F. Van der Waag, Deputy County Attorney, Mineola, NY

Appeal from a judgment entered February 21, 2020 by the United States District Court for the Eastern District of New York (Feuerstein, *J*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Anthony J. Genova, Jr. appeals from an order of the district court granting summary judgment in favor of Defendants the County of Nassau and George Maragos, the Nassau County Comptroller (collectively "the County") in this employment discrimination case under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Genova challenges the district court's finding that there were no genuine disputes of material fact and argues that the district court should have gleaned such facts from assorted documents submitted in connection with his opposition to the motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the

issues on appeal. We review the district court's grant of summary judgment *de novo*. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 168 (2d Cir. 2006).

The Americans with Disabilities Act prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "Claims alleging disability discrimination in violation of the [Americans with Disabilities Act] are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corp. v. Green*." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (citing 411 U.S. 792 (1973)). There are three steps to this burden-shifting analysis: (1) "[a] plaintiff must establish a prima facie case"; (2) "the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge"; and (3) "the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Sista*, 445 F.3d at 169. Once a Defendant has articulated a legitimate non-discriminatory reason for the challenged employment decision, a plaintiff must "come forward with evidence that the defendant's proffered, non-

discriminatory reason is a mere pretext for actual discrimination" or else the court will grant summary judgment for the defendant. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). For a plaintiff to defeat a summary judgment motion, it is not enough to "produce simply some evidence" that the employer's proffered reason is pretextual; a plaintiff must produce "sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reason[] proffered by the employer [was] false, and that more likely than not discrimination was the real reason for the discharge." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (internal quotation marks and citation omitted).

Local Rule 56.1 of the Eastern District of New York requires that "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." E.D.N.Y. L.R. 56.1(a). Each statement of fact must "be followed by a citation to evidence which would be admissible." E.D.N.Y. L.R. 56.1(d). Local Rule 56.1 further provides that parties opposing a motion for summary judgment "shall include a correspondingly numbered paragraph responding to each numbered paragraph

4

in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." E.D.N.Y. L.R. 56.1(b). Rule 56.1 is strict: "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party *will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party*." E.D.N.Y. L.R. 56.1(c) (emphasis added); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").

The County moved for summary judgment and appropriately supported its motion with a Rule 56.1 statement of facts. Genova's response, however, was not supported by a corresponding Rule 56.1 statement. Instead, Genova attached to his opposition brief a notarized letter from one of his coworkers; a series of affidavits from (1) himself, (2) a licensed realtor and broker, and (3) a real estate attorney; a spreadsheet listing the date, sender, and topic of sixteen emails; a PowerPoint presentation regarding the re-election campaign of George Maragos,

5

the Nassau County Comptroller; a donation form from the Nassau Country Comptrollers Breakfast Circle; a spreadsheet listing attendees of the Nassau County Comptrollers Breakfast Circle and their contact information; a campaign finance disclosure form provided by the New York State Board of Elections listing contributors to the Friends of George Maragos; a report from the Nassau County Comptroller entitled "Unresolved Abandoned Homes and Pending Foreclosures"; and an email from Genova to Denise Nicoletti (with George Maragos cc'd) in which Genova notified Nicoletti of some health issues and asked Nicoletti about Nassau County policies on using accumulated sick leave and vacation time. Because Genova did not follow the local rules, the magistrate judge to whom the motion was referred for a report and recommendation found that Genova admitted the County's statements of fact, including the statement that Genova "was terminated for poor work performance on or about March 14, 2016." Special App'x 15 (citing J. App'x 25). Upon reviewing the magistrate judge's report and recommendations, the district court adopted this finding and granted summary judgment in favor of the County.

On appeal, Genova essentially argues that the district court was duty bound to excuse his failure to comply with Local Rule 56.1 and was obliged to scour his

6

submissions in search of facts that might contradict those asserted in Defendant's Local Rule 56.1 statement. But our precedents make clear that although a district court "may in its discretion opt to 'conduct an assiduous review of the record' even where one of the parties has failed to file" a Local Rule 56.1 statement, the district court "'is not required to consider what the parties fail to point out' in their Local Rule 56.1 statements[.]" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000)). Plaintiffs who ignore their obligations under Local Rule 56.1 do so at their own peril: "In the typical case, failure to respond [to a Local Rule 56.1 statement] results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met." *T.Y.*, 584 F.3d at 418. Put simply, we cannot say that the district court erred in finding that Genova admitted that he "was terminated for poor work performance," as asserted in the County's Local Rule 56.1 statement. And given that admission, the district court did not err in concluding that Genova failed to rebut the County's proffered legitimate non-discriminatory reason for his termination as pretext.

Even if Genova's submissions had complied with Local Rule 56.1, that would not have changed the outcome. The magistrate judge considered Genova's

documents and concluded that the evidence did not support the inference that the County's reason for terminating him was pretextual, Special App'x 19, and the district court adopted that conclusion, *id.* at 38. Genova claims that there are disputed facts that preclude the granting of summary judgment. But the purported facts Genova cites are immaterial. At best, the documents submitted by Genova reflect a difference of opinion regarding the quality of Genova's work. But Genova points to no facts suggesting that his termination was motivated by his disability, as required to establish a claim under the Americans with Disabilities Act.

We have considered Genova's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8